

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC.<br><br>Plaintiff,<br><br>v.<br><br>FRESH & BEST PRODUCE, INC. dba FRESH AND BEST, HAK SEUNG CHO, CHONG SUK CHO and DOES 1 to 10,<br><br>Defendants. | Case No. 10-00543 JW<br><br>[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER |

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reason that notice should not be required.

In this case, it clearly appears from the Affidavit of Andy Chong, President of Chong's Produce, Inc., that Plaintiff, Chong's Produce, Inc. sold produce to Defendant Fresh & Best Produce, Inc. dba Fresh and Best ("Fresh & Best Produce, Inc."), that Fresh & Best Produce, Inc. was a dealer as defined by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a(6), and Chong's Produce, Inc. has not been paid for produce in the amount of $14,097.00

1  supplied to said Defendant as required by the PACA. It is also clear from the same Affidavit and
2  the Certification of Counsel that said Defendant Fresh & Best Produce, Inc.'s PACA trust assets are
3  being dissipated or threatened with dissipation, and that said Defendant Fresh & Best Produce, Inc.
4  is not or may not be in a position to pay creditor's claim, thereby warranting the relief requested by
5  Plaintiff. On the basis of the pleadings, Affidavit and other submissions Plaintiff has filed in this
6  matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's
7  dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §
8  499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the
9  Court is of the opinion that a Temporary Restraining Order should be issued.

10  If notice of this motion is given to Defendant Fresh & Best Produce, Inc. prior to the
11  issuance of the Temporary Restraining Order, trust assets will be further threatened with dissipation
12  before the motion can be heard. As noted in the legislative history of PACA, once dissipation has
13  occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4
14  (1983) reprinted in 1984 U.S. Code & Admin. News 405, 411. <u>I.R. Brooks & Son, Inc. v.
15  Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy N.D.Fla. 1989). Entry of this Order without
16  notice assures retention of the trust assets under the control of this Court which is specifically
17  vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(2), the
18  applicant attorney has certified why notice should not be required.

19  Based on the foregoing, this Court finds that Plaintiff and other PACA trust creditors, if any,
20  will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is
21  granted without notice.

22  Therefore, it is by this United States District Court for the Northern District of California
23  ORDERED:
24  1.    Defendant Fresh & Best Produce, Inc., his agents, officers, subsidiaries, banking and
25  financial institutions, and all persons in active concert or participation with said Defendant are
26  enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all
27  asserts covered by or subject to the trust provisions of PACA without agreement of Plaintiff, or
28  until further order of this Court. Under §499e(c)(2) of PACA, the assets are subject to this order

include all of the assets of Fresh & Best Produce, Inc. unless Fresh & Best Produce, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, Fresh & Best Produce, Inc. may sell perishable commodities for fair compensation, without right of set-off, on the condition that Fresh & Best Produce, Inc. maintains the proceeds of such sale subject to this Order.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. The $14,097.00 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4. This Temporary Restraining Order is entered on **February 16, 2010.**

5. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **March 1, 2010 at 9 a.m.**

6. Plaintiff shall service a copy of this Order, together with the Affidavit of Andy Chong, and Memorandum of Law, by personal service, including by facsimile transmission or federal express, on or before **February 19, 2010.**

7. Any opposition shall be filed on or before **February 23, 2010.**

Dated: February 16, 2010

_____
JAMES WARE
United States District Judge